## R. H. JOHNSON v. J. N. VENEMAN.

### No. 14,744  (89 Pac. 677.)

#### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Setting Out Fires on Farms.* Farmers have the right to set out fire on their premises for proper agricultural purposes, and will not be liable for damages resulting therefrom if the fire is set out and managed with ordinary care and prudence.

2. ―――― *Question of Fact.* What degree of caution and diligence constitutes ordinary care and prudence in setting out and controlling such a fire depends upon the circumstances and conditions in each particular case, to which no universal rule can apply.

3. ―――― *Conclusiveness of Jury's Finding.* A jury composed of citizens from the vicinity or county where a fire set out by a farmer escapes and destroys the property of another is peculiarly fit and competent to determine whether the fire was set out and managed with proper care and diligence or not, and when such a question has been fairly submitted to, and determined by, such a tribunal its verdict ordinarily will not be disturbed.

Error from Phillips district court; ABEL C. T. GEIGER, judge. Opinion filed March 9, 1907. Affirmed.

*W. H. Pratt,* and *C. M. Mills,* for plaintiff in error.

*C. A. Lewis,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The parties to this action are farmers, living near each other, in Phillips county. Veneman was injured by a prairie fire and sued Johnson for damages sustained thereby.

It appears from the evidence that early in the forenoon of March 2, 1904, Johnson set out a fire on his farm to burn off a twenty-acre field of rye stubble. The object in burning this stubble was to prepare the ground for cultivation by removing the weeds, sandburs and other rubbish that had accumulated thereon. The burning was completed before noon and all fire extinguished, except that remaining in the bottom of a straw stack standing on the burned ground. When the fire was set out the weather was exceptionally calm and favorable for the safe management and control of such fires, but about two o'clock in the afternoon an extraordinary wind from the north swept over the premises, and soon afterward a fire started in the open grass-lands south of Johnson's field and spread to, and over, the farm of Veneman, causing the injuries of which he complains.

There was a strip of burned ground more than forty rods wide between the burning straw stack and where the fire started in the grass south of Johnson's field. The jury found that the fire which burned the property of Veneman originated on the premises of Johnson, and escaped therefrom through his negligence. This finding was approved by the court.

It is contended here by the plaintiff in error that the evidence fails to establish any negligence on his part, but on the contrary shows that he exercised the utmost care and prudence in setting out and managing the fire on his premises; that he selected the most favorable time possible for such a fire, the weather being unusually calm, clear and bright; that the straw stack, while on fire, was surrounded with such a wide stretch of land freshly burned that no person would think it possible for fire to escape therefrom.

It may be conceded that farmers may set out fires on their premises for proper agricultural purposes, and when done and cared for with proper prudence and diligence they will not be liable for damages resulting

therefrom. What constitutes proper prudence and diligence, however, cannot be determined by any rule of universal application; every case depends upon its own facts, and whether in any given situation the proper degree of care has been exercised or not is a question of fact proper for the consideration of a jury.

In this case the jury found that Johnson was guilty of negligence. The verdict might well have been otherwise. It appears from the evidence, however, that a straw stack was left on fire which would necessarily continue to burn, if permitted to do so, for more than twenty-four hours; that although the fire was set out while the weather was calm and fair, yet it was in March, when strong winds might be expected at any time. Johnson says that he watched the burning stack all the following night, because he was afraid that fire would be blown therefrom and set out a new fire in the adjoining grass-land. This shows that he did not feel secure even with the wide margin of burned stubble-ground that surrounded the stack. A jury taken from the county where a prairie fire occurs is an eminently competent and proper tribunal to decide finally all questions of negligence relating thereto, and when so determined this court cannot disturb the finding, except for rare and exceptional reasons. In this case we are asked to do so because there is no evidence of negligence on the part of Johnson. No other question is presented.

We think the jury would have been justified in finding otherwise, but we cannot say that there is no evidence of negligence on the part of the plaintiff in error, and therefore the judgment is affirmed.